IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MATTHEW C. SPRATLING, #28044-078 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv571 |
| | | CRIM NO. 6:18cr00042 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

Movant Matthew Spratling, a federal prisoner confined at United States Penitentiary Pollock, brings this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for disposition of the case.

For reasons explained below, the Court recommends that Movant's section 2255 motion be denied, the case be dismissed, with prejudice, and that Movant be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

After entering a guilty plea, on May 30, 2019, Spratling was sentenced to 100 months' imprisonment for one count of using, carrying and possessing a firearm during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c). *See* 6:18cr42, Dkt. #259. He did not file a direct appeal. Spratling filed this section 2255 proceeding on October 1, 2020, pursuant to the mailbox rule, (Dkt. #1). *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

**II. Spratling's Motion**

Spratling argues that his conviction should be vacated because there is no underlying offense to support a section 924(c) conviction. Specifically, he maintains that his trial counsel, Mr.

1

Bobby Mims, was constitutionally ineffective for failing to challenge his sentence of 100 months' imprisonment and for failing to challenge the lack of an underlying offense. Spratling asserts that his conviction is unlawful under *United States v. Davis*, 139 S. Ct. 2319 (2019).

Moreover, Spratling maintains that counsel was ineffective for "defend[ing] the accuser," (Dkt. #1, pg. 16). He states that the Government and his attorney "used threats of petitioner's wife losing custody of their children if he did not plea to a 924(c) charge" and "insisted that petitioner would not have a chance in winning his case." *Id*. Spratling contends that this cannot be "considered effective counsel" because the Government and his attorney "knew that petitioner's wife was never a part of petitioner's drug sell." *Id*. He also asserts that the gun belonged to his wife, "which she sold."

### III. The Government's Answer and Spratling's Response

After being ordered to do so, the Government filed an answer, (Dkt. #12), addressing Spratling's claims. It maintains that (1) Spratling's section 2255 motion is untimely; (2) his claims of ineffective assistance of counsel are without merit; and (3) *Davis* is inapplicable.

In response, (Dkt. #14), Spratling maintains that "the charge of possession of less than 50 grams of a mixture or substance containing a detect[ible] amount of methamphetamine that stemmed from a single sale to a C.I. should not constitute a drug trafficking offense even with the gun being named in a trafficking offense[;] petitioner did not plea to an underlying offense," Dkt. #14, pg. 2.

### IV. Standard of Review

Section 2255 is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United

2

States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is subject to collateral attack." *U.S. v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1999) (citing *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994)).

Cognizable claims within a section 2255 motion are narrow; the movant may not present a generalized, broad attack challenging the legality of his or her conviction and, importantly, non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in section 2255 proceedings—absent a showing of cause for the procedural default and actual prejudice ensuing from the error. *United States v. Shaid*, 936 F.2d 228, 232 (5th Cir. 1991); *see also Villasenor-Cruz v. United States*, 2017 WL 6627045 (E.D.Tex. Oct. 3, 2017) (same).

A defendant asserting that counsel was ineffective must demonstrate both deficient performance and ensuing prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984); *see also United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1999). Conclusory allegations of ineffective assistance of counsel will not suffice. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel."); *see also United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007) (explaining that "generalized assertions about counsel's failure to file motions, to make objections, and to follow Demik's instructions" are not enough.).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, which imposed a number of habeas corpus reforms, an inmate must file a section 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

3

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Section 2255 imposes a general one-year statute of limitations.

A case is final when a judgment of conviction is rendered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or a certiorari petition is actually denied.

A prisoner may file an otherwise untimely section 2255 motion, based on a new constitutional right, within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). In other words, an inmate may file an untimely section 2255 motion—based on a new constitutional right that has been held to apply retroactively to collateral proceedings—within one year of the announcement of that right. *See, e.g.*, *U.S. v. Williams*, 402 F. App'x. 945 (5th Cir. 2010) (unpublished).

**V. Discussion and Analysis**

As the Government contends, Spratling's section 2255 motion is untimely and should be denied. When a federal defendant does not file a direct appeal challenging a conviction, the conviction becomes final when the time for filing a notice of appeal has expired—which, in the federal system, is fourteen days. *See* Fed. R. App. P. 4(b)(1)(A); *see also U.S. v. Plascencia*, 537 F.3d 385, 388 (2008). Here, the docket reflects that Spratling's sentencing hearing occurred on

4

May 30, 2019, and judgment was entered the following day. Accordingly, his conviction became final fourteen days later—and his section 2255 motion was therefore due in June 2020. Spratling's October 2020 motion is therefore time-barred—absent any tolling.

*Davis* does not save Spratling's motion. In *Davis*, the Supreme Court held that the definition of a "crime of violence" under 18 U.S.C. § 924(c)(3)(B), also known as a the "residual clause," is unconstitutionally vague because the clause provides no reliable way to determine which offenses qualify as "crimes of violence." 139 S. Ct. 2319. The United States Court of Appeals for the Fifth Circuit held that *Davis* applied retroactively on collateral review. *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019).

Spratling, however, was not convicted under the residual clause of section 924(c). Rather, he was convicted of using, carrying and possessing a firearm during and in furtherance of a drug trafficking crime. A review of Spratling's plea hearing illustrates that he specifically stated, under oath, that (1) he understood that he was charged with using, carrying and possessing a firearm during and in furtherance of a drug trafficking crime; and (2) he was pleading guilty because he was, in fact, guilty. *See* 6:18cr42, Dkt. #540, pg. 6-7; 10-11 (plea transcript).

When reviewing the factual basis during the plea hearing, Spratling testified that the factual basis was true and correct. *See* 6:18cr42, Dkt. #540, pg. 17 (plea transcript). The factual basis—to which Spratling also signed—provided that he, on September 20, 2017, "sold 34.395 grams of actual methamphetamine and a firearm, namely, an Iberia, model JCP, .40 caliber handgun, to another individual" and that Spratling "possessed and sold that firearm during and in furtherance of [his] drug trafficking activities." *See* 6:18cr42, Dkt. #166, pg. 1 (sealed factual basis). Spratling's current attempt to overcome his own sworn words is unavailing. *See United States v. Perez*, 690 F. App'x 191, 192 (5th Cir. 2007) (Mem) (unpublished) ("A defendant's solemn

5

declarations in open court carry a strong presumption of truth."); *see also United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986) (holding that there must be some independent indicia of the likely merit of petitioner's contentions; mere contradiction of the statements made at the guilty plea proceeding will not suffice).

In other words, Spratling was not convicted under the applicable statute relevant in *Davis* or *Reece*. He was convicted of violating section 924(c) with a predicate drug-trafficking crime—not a "crime of violence." *Davis* is therefore inapplicable and Spratling's reliance on it is misplaced. *See, e.g.*, *Carreon-Ibarra v. United States*, 2021 WL 7184960, at *5 (S.D. Tex. July 30, 2021) ("*Davis* does not apply to predicate drug-trafficking crimes described in § 924(c)(1) and it does not apply to crimes of violence outside of the residual clause, as was Carreon-Ibarra's case."); *United States v. Ratcliff*, 2020 WL 3429893, at *2 (E.D. La. June 23, 2020) ("Thus, *Davis* applies only when a defendant's 924(c) conviction is predicated on a crime of violence as defined by the residual clause. It has no application if the predicate crime was a crime of violence defined by the elements clause, or if the predicate crime was a drug-trafficking crime."); *United States v. Johnson*, 2020 WL 3001934, at *2 (N.D. Fla. Apr. 29, 2020) (finding that defendant's section 924(c) conviction, with a predicate crime of a drug-trafficking crime, did not entitle him to relief under section 2255 and "did not restart the clock" for his untimely 2255 motion). Spratling's section 2255 motion is untimely, and it should be denied.

To the extent that Spratling seeks equitable tolling, such claim is without merit. The one-year statute of limitations period may be equitably tolled only if the movant demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). The doctrine of equitable tolling is available only

in the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

Here, as mentioned, Spratling's conviction became final in June 2019, and he did not file this proceeding until October 2020. Any claims concerning his plea agreement—or the alleged lack of an underlying predicate offense—are untimely, belied by the record, and could have been raised earlier with the exercise of due diligence. Furthermore, lack of counsel and ignorance of the law are not sufficient grounds for equitable tolling. *See U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). Spratling has not presented any extraordinary circumstances that prevented him from filing a timely section 2255 proceeding. A prison lockdown, without more, is not an extraordinary circumstance. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011); *see also Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ("We have stated that equity is not intended for those who sleep on their rights.") (internal citation and quotations omitted). Spratling's section 2255 proceeding should be denied, with prejudice, as untimely.

**VI. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a section 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Spratling has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to

determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Spratling failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled section 2255 motion be denied, and this lawsuit be dismissed with prejudice. It is further recommended that Spratling be denied a certificate of appeal *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 21st day of September, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE